LoriNG-, J.,
dissenting:
In the case of the Maple Leaf I was of opinion that the valuation in the charter-party was applicable only to the acquirement or purchase of the vessel by the United States under the accruing clauses in which it was found, and that it was not applicable to the agreement by the United'States to assume the war risk. I am of that opinion still, and think it was not the intention of the parties, and is not the construction of the contract, that if the vessel was by the perils of the sea reduced to half her value, and in that condition captured by the enemy, her valuation in the accruing clauses was to be paid, and thus the United States made to bear, and the owners be absolved from, the consequences of perils which by the charter-party the owners assumed as between them and the United States.
In the case of the Maple Leaf, therefore, I was of opinion that the j>rice to be paid under the war risk was the worth of *277 the vessel when destroyed, but that the owners and the United States had concurred in the mode of settlement to be adopted which had been fairly carried out between them, and that the owners having originally agreed to that and taken such benefit as it gave them, and kept it for years, could not retract an assent acted upon and affirmed by tkem.( In this case I think it is not shown that the owners assented to the mode of settlement adopted by the United States, and, therefore, I think they are not bound by it.
Peck, J., dissented.